UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:10-cr-31-T-23TGW
    8:16-cv-1753-T-23TGW

OTIS A. WRIGHT
_____/

**O R D E R**

Wright moves under 28 U.S.C. § 2255 (Doc. 1) to vacate and challenges his convictions for both the sale of five grams or more of cocaine base and the possession of a firearm by a convicted felon, for which he is imprisoned for a 180 months under the Armed Career Criminal Act ("ACCA"). Wright was convicted and sentenced in accord with a plea agreement. (Doc. 57 in 10-cr-31) The motion is time-barred.

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir.

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

The indictment charged Wright with one count of conspiring to possess with the intent to distribute five grams or more of cocaine base, three counts of distributing cocaine base, three counts of possessing with the intent to distribute five grams or more of cocaine base, and one count of possessing a firearm by a convicted felon. Under the very favorable terms of the plea agreement, the United States (1) agreed to dismiss the one count of conspiracy, two of the counts of possessing with the intent to distribute cocaine base, and all three counts of distributing cocaine base and (2) permitted Wright to plead guilty to only one count of possessing with the intent to distribute cocaine base and the one count of possessing a firearm by a convicted felon.

Wright admitted to the following facts, as stated in the plea agreement (Doc. 57 at 13 in 8:10-cr-31):

> On or around July 27, 2009, in Hillsborough County, in the Middle District of Florida, undercover deputies with the Hillsborough County Sheriff's Office met with Otis A. Wright, a/k/a "Sporty," as they had previously, to purchase more than five (5) grams of cocaine base. Mr. Wright directed them to various locations before directing them to a location on Clifton Street in Tampa where he obtained the cocaine base from Keita Kenyatta Jenkins, a/k/a "Boom," and then sold it to the

> deputies in a hand-to-hand transaction. The transaction involved more than five (5) grams of cocaine base.
>
> On or around October 28, 2009, in Hillsborough County, in the Middle District of Florida, undercover deputies with the Hillsborough County Sheriff's office met with Otis A. Wright, a/k/a "Sporty," and purchased an FIE HW .38 caliber revolver from him. The gun had been manufactured outside the state of Florida, and on October 28, 2009, Mr. Wright was a previously convicted felon who did not possess the civil right to possess a firearm.

Wright's Section 2255 motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a Section 2255 motion. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Wright's judgment was entered in 2010 (Doc. 75 in 10-cr-31) and his limitation expired one year later in 2011. The present motion to vacate, filed five years later, is untimely based on a limitation under Section 2255(f)(1), a fact that Wright recognizes. To overcome the untimeliness under Section 2255(f)(1), Wright asserts entitlement to a new limitation under Section 2255(f)(3), which establishes a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review . . . ." Although he does not cite the relevant Supreme Court case, Wright's asserted entitlement to a limitation under Section 2255(f)(3) is based on *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Welch v. United States*, 136 S. Ct. 1257 (2016), applies *Johnson* retroactively.

Wright is entitled to no relief under *Johnson*. Section 924(e)(1) of the ACCA requires a minimum mandatory imprisonment of fifteen years for a defendant who "has three previous felony convictions . . . for a violent felony or a serious drug offense . . . ." Wright admitted to having a conviction for a burglary and three convictions for a serious drug offense. Wright's prior conviction for burglary no longer qualifies as a violent felony under the ACCA. *Mathis v. United States*, 136 S. Ct. 2243 (2016); *United States v. Lockett*, 810 F.3d 1262 (11th Cir. 2016). Nevertheless, Wright's three prior drug convictions are unaffected by *Johnson*.

Section 924(e)(2)(A) defines "a serious drug offense" as follows:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a

> maximum term of imprisonment of ten years or more is
> prescribed by law.

Wright accepted the accuracy of the factual statement in the presentence investigation report ("PSI"), which describes each of the relevant prior convictions as follows (PSI dated September 24, 2010, at 9):

1. Delivery of Cocaine, Hillsborough County Circuit Court, Case No. 95-CF-10756, a serious drug offense, sentenced on September 6, 1995.

2. Sell of Controlled Substance, Orange Count Circuit Court, Case No. 98-CF-2509, serious drug offense, sentenced on April 20, 1998.

3. Sell of Controlled Substance, Orange Count Circuit Court, Case No. 98-CF-9526, serious drug offense, sentenced on October 5, 1998.

As a consequence, *Johnson* affords Wright no relief because his prior convictions are serious drug offenses under Section 924(e)(2)(A), which convictions qualify him for a sentence under the ACCA independent of the prior burglary conviction.

Accordingly, Wright's untimely motion under Section 2255 (Doc. 1) is **DENIED** because *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable. The clerk must enter a judgment against Wright, close this case, and enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Wright is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Wright must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion under Section 2255 is clearly time-barred and he is not entitled to relief under *Johnson*, Wright is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Wright must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 30, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE